86 F.3d 1173
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
W. Simon KATZ, Plaintiff-Appellant,
v.
LEAR SIEGLER, INC., and Smith & Wesson Corp., Defendants-Appellees.
 No. 95-1547.
 United States Court of Appeals, Federal Circuit.
 April 5, 1996.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
May 14, 1996.
 
 Before ARCHER, Chief Judge, FRIEDMAN, Senior Circuit Judge, and MAYER, Circuit Judge.
 PER CURIAM.
 
 
 1
 W. Simon Katz appeals from the judgment of the United States District Court for the District of Massachusetts, No. 94-CV-11869 (August 14, 1995), holding that he did not have standing to bring a patent infringement suit against Lear Siegler, Inc., and Smith & Wesson Corp. He also appeals from an order of the United States District Court for the Western District of New York, No. 86-CV-536 (Sept. 7, 1994), which transferred this case to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a) (1988). We affirm both the judgment and the order.
 
 
 2
 The United States District Court for the Western District of New York determined that judicial economy justified transferring this case to Massachusetts pursuant to section 1404(a). We detect no abuse of discretion in the transfer.
 
 
 3
 After transfer, the Massachusetts district court held that a prior consent judgment between Katz and Armament Systems and Procedures, Inc. (ASP), which resolved the issue of ownership of the patents in question between those two parties did not bind the defendants in this case because they were not party to the other litigation or in privity with the other litigants. The court found that Katz never owned the patents because the named inventor had effected a valid transfer of his patent rights to ASP before he purported to transfer his rights to Katz.
 
 
 4
 We see no error in the district court's interpretation of the law under which the patent rights were initially transferred to ASP, or in the conclusion that ASP, not Katz, owned the patents at issue. Since he had no rights in the patents, Katz had no standing to bring this infringement action. Filmtec Corp. v. Allied-Signal Inc., 939 F.2d 1568, 1571, 19 USPQ2d 1508, 1510 (Fed.Cir.1991) (without title to patent, claimant has no standing to bring infringement action).